# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## Civil Case No. 1:11cv272
## [Criminal Case No. 1:10cr32-13]

| | |
|---|---|
| MARKEENUS CLEAVON WILKERSON, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

## PROCEDURAL HISTORY

On June 1, 2010, the Petitioner and 12 co-defendants were charged with conspiracy to possess with intent to distribute 50 or more grams of cocaine base, commonly known as crack cocaine, and more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and with knowingly and intentionally using a communication facility to

facilitate the commission of the conspiracy alleged in Count One in violation of 21 U.S.C. § 843(b) (Count Two). [Criminal Case No. 1:10cr32-13, Doc. 3 at 1-2].[1] On July 19, 2010, the Government filed a 21 U.S.C. §851 Information setting forth the Petitioner's prior felony drug conviction. [Id., Doc. 140]. On September 27, 2010, Petitioner entered into a Plea Agreement with the Government pursuant to which he agreed to plead guilty to Count One, and the Government agreed to dismiss Count Two. [Id., Doc. 167 at ¶ 1].

On October 7, 2010, the Petitioner appeared before Magistrate Judge Dennis L. Howell and pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base. [Id., Doc. 169]. On July 7, 2011, the undersigned sentenced the Petitioner to 168 months of imprisonment and ten years of supervised release. [Id., Doc. 313]. No appeal was filed in the Petitioner's criminal case.

On October 19, 2011, the Petitioner timely filed this Motion in which he raises as his only ground for relief that his trial attorney was ineffective for failing to file a requested appeal. [Doc. 1 at 4]. Specifically, the Petitioner has alleged that he "directed his defense counsel to file a timely Notice of Appeal [ ]" and that "[c]ounsel unilaterally refused to do so, claiming that there was no

---

[1] Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.

grounds to Appeal." [Id.]. The Petitioner signed the motion under penalty of perjury. [Id. at 8].

**DISCUSSION**

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel is not absolved of his duty to file a requested notice of appeal by a waiver of appeal rights in a plea agreement. Poindexter, 492 F.3d at 273. In this case, the Petitioner signed an appeal waiver [Criminal Case No. 1:10cr32-13, Doc. 167 at ¶¶ 19-20] and, therefore, may "obtain little more than an opportunity to lose at a later date." Id. Nonetheless, the right to have the appeal filed must be upheld in such circumstances. Id.

Upon a showing that counsel was requested to appeal but failed to do so, the prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. Peak, 992 F.2d at 42. The Petitioner has alleged that his counsel failed to file a requested appeal. Even

if the Government were to file a response containing an affidavit in which the Petitioner's former attorney denies that the Petitioner requested that he file an appeal, the Court would still be compelled to give the Petitioner the benefit of the doubt.  See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970) ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive[.]").

The Court, therefore, finds that the Petitioner's Motion to Vacate should be granted.  The Court will vacate the original judgment and enter a new judgment from which an appeal may be taken.

## NOTICE OF APPEAL RIGHTS

The Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should the Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within fourteen (14) calendar days after the date the Amended Judgment of conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever is later.  Fed. R. App. P. 4(b)(1)(A).

4

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1] is hereby **GRANTED**;

2. The Judgment in <u>United States v. Wilkerson</u>, Criminal Case No. 1:10cr32-13 [Doc. 313] is hereby **VACATED**, and the Clerk of Court is instructed to prepare an Amended Judgment with the same sentence and conditions as indicated on the Judgment in Criminal Case No. 1:10cr32-13 [Doc. 313];

3. The Petitioner shall remain in the custody of the United States Attorney General and the Bureau of Prisons;

4. The Petitioner may appeal the Amended Judgment in accordance with the provisions set forth herein; and

5. The Clerk of Court is instructed to mail a form Notice of Appeal to the Petitioner with the copy of this Order.

**IT IS SO ORDERED.**

Signed: October 20, 2011

Martin Reidinger
United States District Judge